

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: +1 212 710 3900
Facsimile: +1 212 710 3950
www.clydeco.com

May 12, 2021

**BY ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room S905
Courtroom: 6C South

**Re:** *Alexander Mirvis, et al. v. Berkshire Hathaway, Inc. and Government Employees Insurance Company (a/k/a GEICO)*, No. 21 Civ. 2210 (KAM)(RLM)

Dear Judge Matsumoto:

We represent Berkshire Hathaway Inc. in the above-referenced action. Pursuant to Section III.B.1. of Your Honor's Chambers Practices, we write to request a pre-motion conference to address Berkshire Hathaway Inc.'s intent to file a motion to dismiss the Complaint for lack of personal jurisdiction. The basis for the motion and a proposed briefing schedule are set forth below.

*Basis for the Motion*

On April 21, 2021, Alexander Mirvis, Betty Butler, and Lainie Froehlich (collectively, "Plaintiffs") filed a putative class action complaint (the "Complaint"). Plaintiffs allege that they provided Personal Identifiable Information ("PII") to GEICO while purchasing insurance from GEICO and that GEICO failed to maintain the confidentiality of that PII. The Complaint makes no specific allegations of any act or failure to act by Berkshire Hathaway Inc. For the non-exclusive reasons set forth below, there is no basis for the assertion of personal jurisdiction in New York over Berkshire Hathaway Inc.

Berkshire Hathaway Inc. is a holding company that does not transact the business of insurance. General personal jurisdiction does not exist over Berkshire Hathaway Inc. in New York because it is not a New York corporation; Berkshire Hathaway Inc. is incorporated in Delaware and has its principal place of business in Nebraska. Therefore, New York's general jurisdiction statute, CPLR § 301, does not warrant the assertion of personal jurisdiction over Berkshire Hathaway Inc.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

Hon. Kiyo A. Matsumoto
May 12, 2021
Page 2

      Nor does specific personal jurisdiction based on CPLR § 302 exist. Berkshire Hathaway Inc. does not transact any business in the State of New York, or derive substantial revenue from business in the State, so as to justify the assertion of specific personal jurisdiction under CPLR § 302(a)(1). Indeed, the Complaint does not (and cannot) allege that Berkshire Hathaway Inc. transacted any business in the State or derived substantial revenue from business in the State.

      Plaintiffs do not, and cannot, allege that Berkshire Hathaway Inc. committed a tort in New York so as to satisfy CPLR § 302(a)(2) or (3). The allegations in the Complaint address only the alleged acts (or alleged failures to act) of GEICO. Plaintiffs' vague references to acts by "Defendants" are insufficient to establish personal jurisdiction over Berkshire Hathaway Inc.

      Because Berkshire Hathaway Inc. does not "purposefully avail[ ] itself of the privilege of doing business in the forum," *see Licci ex. rel. Licci v. Lebanese Can. Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013), Berkshire Hathaway Inc. does not have the required "minimum contacts" for the assertion of personal jurisdiction over Berkshire Hathaway Inc. in New York to pass constitutional muster. *See Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945).

      Last month, the New York Appellate Division, First Department, affirmed the judgment of the New York State Supreme Court holding that Berkshire Hathaway Inc. is not subject to personal jurisdiction in New York for the actions of its subsidiaries. *See Breakaway Courier Corp. v. Berkshire Hathaway Inc.*, No. 654806/16, Slip Op. at 2 (1st Dep't 2021). In light of the Court's page limit restrictions, we do not here provide copies of the First Department or Supreme Court decisions, but will do so at the Court's request. These decisions are strong evidence of the merit of the motion that Berkshire Hathaway Inc. proposes to make.

### *Proposed Briefing Schedule*

Berkshire Hathaway Inc. proposes the following briefing schedule:

(1) May 28, 2021:   Berkshire Hathaway Inc. shall serve its motion to dismiss on Plaintiffs;

(2) June 18, 2021:   Plaintiffs shall serve their opposition on Berkshire Hathaway Inc.; and

(3) June 25, 2021:   Berkshire Hathaway Inc. shall serve its reply.

We are prepared to discuss this matter at the Court's convenience.

                                  Sincerely

                                  Michael A. Knoerzer

cc:      Counsel of record (by ECF)