MARC J. HELD*  
PHILIP M. HINES*  
*ALSO ADMITTED IN NEW JERSEY

JACK ANGELOU  
MATTHEW R. GROSSO  
EDWARD S. MILLER  
URI NAZRYAN  

OF COUNSEL  
SHERRY D. DANZIG



**HELD & HINES LLP**
ATTORNEYS AT LAW

May 13, 2021

Honorable Kiyo A. Matsumoto  
U.S. District Court  
Eastern District of New York  
225 Cadman Plaza East, Room S905  
Brooklyn, New York 11201

        Re:    *Mirvis, et al. v. Berkshire Hathaway, Inc. et al.*  
                21 Civ. 2210 (KAM)(RLM)

Dear Judge Matsumoto:

      As counsel for Plaintiffs herein, I write in response to defendant Berkshire Hathaway's request for a pre-motion conference concerning its intention to file a motion to dismiss for lack of personal jurisdiction. I respond as follows.

**Residence of Berkshire Hathaway, Inc.**

      While widely regarded as a Delaware corporation headquartered in Omaha, Nebraska. Curiously, the New York State Department of State Corporation and Business Entity Database lists "Berkshire Hathaway Inc." as an active New York domestic business corporation (listing attached as Exhibit "1"). Assuming this is the same Berkshire Hathaway Inc. that is the parent entity of GEICO, New York CPLR §301 would confer jurisdiction over Berkshire Hathaway Inc.

**Long-arm jurisdiction**

      Defendant rather blithely concluded that "Berkshire Hathaway Inc. does not transact any business in the State of New York, or derive substantial revenue from business in the State, so as to justify the assertion of specific personal jurisdiction under CPLR § 302(a)(1)." Yet, as one of the largest publicly traded companies in the world, it would be rash to conclude that Berkshire Hathaway Inc. transacts no business or receives no substantial revenue from business in New York without further inquiry. Indeed, since the purpose of a holding company is to receive dividends, rents, interest and royalties from its subsidiaries, it is difficult to fathom that CPLR § 302(a)(1) does not apply.

      While *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) is a time-honored case standing for the proposition that minimum contacts are necessary to constitutionally justify jurisdiction, *Licci ex. rel. Licci v. Lebanese Can. Bank, SAL*, 732 F.3d 161, 170 (2d Cir. 2013) is rather misleadingly cited, as it did not state that Berkshire Hathaway Inc. does not "purposefully avail[ ] itself of the privilege of doing business in the forum," and in fact does not concern Berkshire Hathaway Inc. at all. It merely mentions

370 LEXINGTON AVENUE, STE. 800  
NEW YORK, NY 10017  
TEL: 212.696.4LAW  
FAX: 718.444.5768

www.HELDHINES.com

2004 RALPH AVENUE  
BROOKLYN, NY 11234  
TEL: 718.531.9700  
718.444.5768

"purposefully avail[ ] itself of the privilege of doing business in the forum," as a way to demonstrate the constitutionally necessary minimum contacts mandated by *Int'l Shoe Co.*

Interestingly, *Licci* noted that "whether a defendant has purposefully availed itself of the New York forum is a fact-intensive inquiry inasmuch as it requires the trial court, in the first instance, to "closely examine the defendant's contacts for their quality." [citations omitted]." This renders a pre-discovery determination of this issue problematic. As only one example, *Licci* found that repeated use of New York's banking system constituted such purposeful availment.

The case of *Breakaway Courier Corp. v. Berkshire Hathaway Inc.*, 192 A.D.3d 501, --- N.Y.S.3d --- (1st Dept. 2021), cited by and relied upon by Defendant, does not detail the procedural stage of that case at the time a motion was made for dismissal on jurisdictional grounds. However, the references to "interrogatory responses," "bank records," "Financial Statements," "regulatory filings," and the like strongly imply that substantial discovery had already been had, unlike the posture of the instant matter. Certainly, without discovery, it would be impossible for Plaintiffs or this Court to know whether Berkshire exercised dominion and control over GEICO; whether Berkshire reaped dividends or profits from GEICO; whether Berkshire was involved in GEICO's marketing, personnel selection and operational policies; the nature of the financial stream between Berkshire and GEICO, and the commonality of directors and officers, among other information critical to making a determination concerning CPLR § 302(a)(1) factors and personal jurisdiction. Discovery is needed to answer these questions, making the proposed motion to dismiss premature.

Depending upon the degree of dominion and control Berkshire exercises over GEICO, Berkshire may well have committed a tort within or without New York, conferring jurisdiction pursuant to CPLR § 302(a)(2) or (3).

Finally, it is presently unknown whether Berkshire owns, uses or possesses any real property in New York, which could confer jurisdiction pursuant to CPLR § 302(a)(4).

Thank you for your time and attention to this matter.

Respectfully submitted,

___/s/ Philip Hines___
Philip M. Hines

cc: Michael A. Knoerzer, Esq. (via ECF)

370 LEXINGTON AVENUE, STE. 800
NEW YORK, NY  10017
TEL: 212.696.4LAW
FAX: 718.444.5768

www.HELDHINES.com

2004 RALPH AVENUE
BROOKLYN, NY 11234
TEL: 718.531.9700
718.444.5768