

Clyde & Co US LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174
Telephone: +1 212 710 3900
Facsimile: +1 212 710 3950
www.clydeco.com

May 17, 2021

**BY ECF**

The Honorable Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room S905
Courtroom: 6C South

Re: *Alexander Mirvis, et al. v. Berkshire Hathaway Inc. and Government Employees Insurance Company (a/k/a GEICO)*, **No. 21 Civ. 2210 (KAM)(RLM)**

Dear Judge Matsumoto:

Pursuant to the Court's May 13, 2021 Order, we write to supplement Berkshire Hathaway Inc.'s application for leave to file a motion to dismiss for lack of personal jurisdiction.

1. **The Entity Listed in Plaintiffs' Exhibit 1 was Not Established by the Actual Berkshire Hathaway Inc., but by Someone Spoofing the Company**

Berkshire Hathaway Inc. is aware that someone has created an entry in the New York Department of State Corporation and Business Entity Database which gives the false impression that Defendant Berkshire Hathaway Inc., a Delaware corporation, is domiciled and registered to do business in New York. Berkshire Hathaway Inc. does not know who created this entry, but the individual identified for service of process, Angelo Yoshannah Scrigna, is a stranger to Berkshire Hathaway Inc. – Berkshire Hathaway Inc. does not have, and has never had, any employee or officer named Angelo Yoshannah Scrigna, nor has Berkshire Hathaway Inc. ever appointed this person to accept service of process on its behalf. Berkshire Hathaway Inc. has no office at 13-2459 Kula Street, Pahoa, Hawaii 96778. Berkshire Hathaway Inc. can submit an affidavit of a percipient witness to support these representations.

2. **There is no Basis for Jurisdictional Discovery of Berkshire Hathaway Inc.**

Plaintiffs' contention – that it would be "rash" to conclude that Berkshire Hathaway Inc. does not transact business in New York – misapprehends New York law. The party asserting the existence of personal jurisdiction has the burden of proof. Plaintiffs have not alleged, let alone established, sufficient facts to justify the exercise of personal jurisdiction over Berkshire Hathaway Inc. in New York.

Clyde & Co US LLP is a Delaware limited liability partnership with offices in
Atlanta, Chicago, Los Angeles, Miami, New Jersey, New York, Orange County, San Francisco and Washington D.C.
Clyde & Co US LLP is affiliated with Clyde & Co LLP, a limited liability partnership registered in England and Wales.

The Honorable Matsumoto
May 17, 2021
Page 2

      Nor does New York law permit the conduct of jurisdictional discovery without the plaintiff at least making a "sufficient start" to demonstrate that there is some reason to conclude that grounds for establishing personal jurisdiction may exist. *See, e.g.*, *SNS Bank, N.V. v. Citibank, N.A.*, 7 A.D.3d 352, 354 (1st Dep't 2004). As recently determined by the New York Supreme Court and Appellate Division, there is neither a basis to assert personal jurisdiction over Berkshire Hathaway Inc. nor a basis to order the conduct of jurisdictional discovery on the issue. *See Breakaway Courier Corp. v. Berkshire Hathaway Inc.*, No. 654806/2016, 2019 WL 4039133, at *8 (N.Y. Sup. Ct. Aug. 27, 2019); *Breakaway Courier Corp. v. Berkshire Hathaway Inc.*, 192 A.D.3d 501, 502 (1st Dep't 2021). The lurid speculations used in Plaintiffs' letter to the Court – that Berkshire Hathaway Inc. may "exercise dominion and control over" or "reap dividends or profits from" GEICO – are precisely identical to the failed arguments that the New York State Courts rejected in the *Breakaway* matter.

      We look forward to the Court's conference on May 19 at 1 pm and will be prepared to answer any questions the Court may have at that time.

                                        Respectfully submitted,

                                        Michael Knoerzer