UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ALEXANDER MIRVIS, BETTY BUTLER and
LAINIE FROEHLICH, individually and on behalf of
others similarly situated,

                        Plaintiff,

          -against-

BERKSHIRE HATHAWAY, INC., and
GOVERNMENT EMPLOYEES INSURANCE
COMPANY (a/k/a GEICO),

                      Defendants.
-----------------------------------------------------------------x

No. 21 Civ. 2210 (KAM)(RLM)

**AFFIDAVIT OF
MARK D. MILLARD**

STATE OF NEBRASKA    )
                            ) *ss.:*
COUNTY OF DOUGLAS   )

Mark D. Millard, being duly sworn, deposes and says:

      1.     I am a Vice President of defendant Berkshire Hathaway Inc., and am over the age of eighteen. In that capacity, I am personally familiar with the affairs of Berkshire Hathaway Inc. as set forth herein.

      2.     Berkshire Hathaway Inc. is a holding company which owns subsidiaries engaged in a number of business activities. Berkshire Hathaway Inc. is a Delaware Corporation with its principal place of business located at 3555 Farnam Street, in Omaha, NE.

      3.     Berkshire Hathaway Inc. does not have any connection with the State of New York. Berkshire Hathaway Inc. does not conduct, transact, or solicit business in or with the State of New York. It is not registered to do business in New York and does not have a registered agent for service of process in New York. Berkshire Hathaway Inc. does not own or lease any property in New York, maintain any offices for conducting business in New York, or otherwise

maintain a physical presence in New York. Berkshire Hathaway Inc. has no telephone or facsimile number in the State of New York.

4. Berkshire Hathaway Inc. does not manufacture any products in New York. It does not render services in New York.

5. Berkshire Hathaway Inc. is not an insurer or reinsurer. Berkshire Hathaway Inc. does not conduct the business of insurance or reinsurance. Berkshire Hathaway Inc. does not issue insurance or reinsurance contracts. Berkshire Hathaway Inc. does not collect or receive any share of premium payments paid to its subsidiaries in consideration for insurance or reinsurance contracts. Berkshire Hathaway Inc. does not maintain an intercompany bank account for the purpose of collecting or receiving premium payments, nor does it direct its subsidiaries to transfer funds consisting of premium payments to such a bank account or to Berkshire Hathaway Inc.

6. Berkshire Hathaway Inc. is a separate legal entity from GEICO. Berkshire Hathaway Inc. has a separate board of directors from GEICO, a separate principal place of business from GEICO, and separate employees from GEICO. Berkshire Hathaway Inc. is not involved in GEICO's day-to-day operations, including the issuance of insurance policies and data management.

7. Berkshire Hathaway Inc. does not collect from GEICO any Personal Identifiable Information ("PII") concerning GEICO's insureds, potential insureds, or customers. Berkshire Hathaway Inc. did not receive any PII or any other information from GEICO regarding Plaintiffs, who were unknown to Berkshire Hathaway Inc. prior to the filing of this lawsuit.

8. No employee of Berkshire Hathaway Inc. was in any way involved in the transactions that are the subject of this lawsuit. Berkshire Hathaway Inc. is not a party to any

insurance agreements between GEICO and the Plaintiffs. Berkshire Hathaway Inc. did not participate in any communications or negotiations with the Plaintiffs regarding their purchase of insurance from GEICO. Berkshire Hathaway Inc. did not receive or collect any PII which Plaintiffs may have disclosed in the course of their insurance transactions with GEICO.

_____
Mark D. Millard

Sworn to before me this
25th day of May, 2021

_____
Notary Public

GENERAL NOTARY - State of Nebraska
DEBRA C. RAY
My Comm. Exp. August 25, 2022