

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SHARI CLAIRE LEWIS**
PARTNER
(516) 357-3292
shari.lewis@rivkin.com

June 11, 2021

**VIA ECF**
Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
255 Cadman Plaza
Brooklyn, New York

**Re:**   *Mirvis et al v. Berkshire Hathaway, Inc. & Government Employees Insurance Company (a/k/a. GEICO)*,
Docket No.  1:21-cv-2210 (KAM) (RLM)
<u>GEICO Request for Extension and Premotion Conference Seeking Stay</u>

Dear Hon. Judge Matsumoto:

   We represent Defendant Government Employees Insurance Company ("GEICO") in the above-mentioned action. We write pursuant to Rule III.B of Your Honor's Individual Rules and Practices in Civil Cases to request a pre-motion conference with the Court concerning GEICO's proposed motion to stay all proceedings pending efforts to consolidate this action with related proposed class actions pending before this Court and in other Districts as further discussed below. GEICO also requests an extension of GEICO's time to respond to the Complaint, which is presently due on June 18, 2021, pursuant to Local Rule 7.1(d) and Rule II.E of Your Honor's Individual Rules and Practices, pending determination of its stay application and, as an alternative to the stay, until the MDL Petition is decided.

   This case is the first of five currently pending proposed class actions filed in connection with unauthorized access to GEICO's systems that may have affected the personal information of certain individuals, which GEICO began notifying potentially affected individuals of in April 2021. GEICO's response to the Complaint was initially due on May 19, 2021(ECF No. 5) and was extended on consent by Order of Magistrate Judge Roanne L. Mann (ECF No. 10).  It is therefore presently due on June 18, 2021.

   Two related proposed class actions have been filed in this District and are currently pending in this Court:  *Brody v. Berkshire Hathaway, Inc. and Government Employees Insurance Company*,

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
June 11, 2021
Page 2

No. CV 21-2481 (KAM) (RLM) and *Viscardi v. Government Employees Insurance Company dba GEICO et al.*, No. CV 21-2540 (KAM) (RLM). Responses to the Complaints in those actions are due on July 19. 2021. The remaining two actions are pending in the United States District Courts for the Southern District of California (*Vennerholm v. GEICO Casualty Company et al,* No. 21-cv-806-GPC) and District of Maryland (*Connelly et al. v. Berkshire Hathaway, Inc. & Government Employee Insurance Company et al.*, No. 21-cv-1152-TDC).  Each action seeks certification of overlapping nationwide classes of plaintiffs. GEICO proposes that coordination of the proposed class actions is warranted.

The parties' counsel in this case and the related cases are engaged in ongoing discussions regarding the potential avenues for consolidation and coordination.  Counsel for GEICO have communicated with each attorney asserting the five proposed class actions. Each attorney representing these proposed class representatives has provided varying responses with respect to their position on proceeding given the similarity and substantial overlap between the five cases. Subject to these discussions, GEICO anticipates that it will petition the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28 U.S.C. § 1407, to transfer and consolidate this action with the four others for coordinated handling (the "MDL Petition").

Given that all of the proposed class actions relate to the same alleged underlying event and allege substantially identical claims, the JPML is likely to grant an MDL Petition. While an MDL Petition will seek to have the cases transferred to and consolidated in this District, the resolution of an MDL Petition may impact whether this action remains pending before Your Honor.  Therefore, a stay until a decision by the JPML is rendered will promote judicial economy and avoid duplicative or possibly inconsistent adjudications.  Because this case is at a preliminary stage, an extension will not cause undue delay or prejudice to any party.  Conversely, absent a stay or extension, GEICO will suffer a clear hardship by having to defend the same issues in multiple forums.  GEICO plans to seek a similar stay and extension in the other related actions.

This Circuit "routinely" grants motions to stay proceedings pending JPML action.  *Royal Park Investments SA/NV v. Bank of Am. Corp.*, 941 F. Supp. 2d 367, 370 (S.D.N.Y. 2013); *see also e.g.*, *Lee v. Equifax Info. Servs, LLC*, No. CV 18-3133 (RRM), 2018 WL 8139008 (E.D.N.Y. Aug. 6, 2018); *Ritchie Capital Mgmt., LLC v. Gen. Elec. Capital Corp.*, 87 F. Supp. 3d 463 (S.D.N.Y. 2015); *Pierre v. Prospect Mortg., LLC*, No. 13-cv-453, 2013 WL 5876151 (N.D.N.Y Oct. 31, 2014); *Krieger v. Merck & Co., Inc.*, No. 05-cv-6338L, 2005 WL 2921640 (W.D.N.Y. Nov. 4, 2005).  Courts have also stayed actions *sua sponte* until the JPML rules on a motion.  *See, e.g.*, *Geller v. Equafax, Inc.*, No. 17-cv-81056-RLR, ECF No. 5 (S.D. Fla. Oct. 3, 2017).

We have spoken with Philip Hines, Esq., of Held & Hines, LLP, counsel for the plaintiffs in this matter. Mr. Hines does not oppose staying this action pending hearing and determination of an

RIVKIN RADLER LLP

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
June 11, 2021
Page 3

MDL Petition. GEICO will promptly report the outcome of an MDL Petition to this Court, at which time it can be determined what, if any, new schedule should be entered in this matter.

In addition, GEICO respectfully requests a further extension of time to respond to the Complaint while this Court considers GEICO's proposed application for a stay and, as an alternative to staying the action, during the hearing and determination of the MDL Petition by the JPML. GEICO requests an extension *sine die* until 60 days from the date that the JPML issues a decision on the MDL Petition or such other interim date that the Court may require.

This is GEICO's second request for an extension of time to respond to the Complaint. Given the complexity of the issues, multiplicity of claims and evolving status of the related litigation, GEICO needed the initial time to assess the number and nature of the claims and determine the best mechanism to seek coordinated handling of the currently pending five proposed class actions that have been filed. Plaintiff's counsel, Mr. Hines consents to this extension as well.

We thank the Court for its attention to this matter.

Respectfully submitted,

RIVKIN RADLER LLP

*Shari Claire Lewis*

Shari Claire Lewis

-and-

Kristen Wenger, Esq. (*pro hac vice*)
John Marino, Esq. (*pro hac vice*)
Smith Gambrell & Russell, LLP

cc: All counsel (by ECF)

5316861.v1