LAW OFFICES

# KANTROWITZ, GOLDHAMER & GRAIFMAN, P.C.

**747 CHESTNUT RIDGE ROAD - SUITE 200**
**CHESTNUT RIDGE, NEW YORK 10977-6216**

PAUL B. GOLDHAMER * *
BARRY S. KANTROWITZ ** †
GARY S. GRAIFMAN * *
RANDY J. PERLMUTTER * *
MELISSA R. EMERT *
_____

JAY I. BRODY * *
DANIEL EDELMAN * *
WILLIAM G. MURPHY IV * *
SAM SMITH *
BRANDON W. ROTHSTEIN **
WILLIAM T. SCHIFFMAN * *
_____

OF COUNSEL
STEVEN B. ROTHSCHILD * *
JEFFREY P. ORLAN, P.A., P.C.* †
ROBERT A. LUBITZ**

* * N.Y. & N.J. BAR
* N.Y. BAR ONLY
† FLA. BAR
• M.A. & N.H. BAR
⌂ L.A. BAR

**(845) 356-2570**
FAX # (845) 356-4335
www.kgglaw.com

NEW JERSEY
135 CHESTNUIT RIDGE ROAD
MONTVALE, N.J. 07645
(201) 391-7000

June 21, 2021

## Via ECF

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
Chambers: Room S905
Courtroom: 6C South

> **R**e:     ***Brody v. Berkshire Hathaway, et al.,***
> **Case No: 1:21-cv-02481;**
>
> ***Mirvis, et al v. Berkshire Hathaway, et al.,***
> **Case No: 1:21-cv-02210;**
>
> ***Viscardi v. Government Employees Insurance Company, d/b/a***
> ***GEICO, et al.,*** **Case No: 2:21-cv-02540.**

Dear Judge Matsumoto:

We are counsel for plaintiff in the *Brody v. Berkshire Hathaway, et al* case referenced above, and write pursuant to Your Honor's Text Order of June 15, 2021 instructing the filing of a response to Defendant GEICO's request for a stay, as per the letter of Shari Claire Lewis, Esq., dated June 11, 2021.

The Honorable Kiyo A. Matsumoto
Page 2
June 21, 2021

As context, there are three (3) cases filed in the Eastern District of New York alleging violations of law arising out of the data breach which was disclosed by GEICO on April 9, 2021, which occurred over the approximatey time period of January 21, 2021 through March 1, 2021. In addition, there are two other cases filed in two other districts asserting claims arising from the same allegations concerning the GEICO data breach.

Those two additional cases are *Ryant Connelly, et al. v. Berkshire Hathaway, Inc., et al.,* Case No. 8:21-cv-1152, filed in the District of Maryland and *Vennerholm v. GEICO Casualty Company et al.*, Case No. 21-cv-806-GPC filed in the Southern District of California.

Of the five cases (referred to as the "Related Actions"), the *Mirvis* case filed by the Held & Hines, LLP firm in this district is the first filed case, having been filed on April 21, 2021.

In an effort to explore whether a proceeding before the Judicial Panel on Multi-District Litigation ("MDL proceeding") could be obviated, I arranged two conference calls last week with the plaintiffs' counsel in the five Related Actions to explore if counsel for the *Connelly* case and the *Vennerholm* case would agree to a transfer of their cases to the Eastern District of New York, where the first filed case and the two others are currently pending.  Unfortunately, we could not obtain unanimous consent to such transfers.

As a result, it is my understanding that Defendant GEICO now intends to file a petition to commence an MDL proceeding seeking to transfer the Related Actions to the Eastern District of New York.  Since last week's efforts to obtain unanimity among plaintiffs' counsel for voluntary transfer did not succeed, we believe the contemplated MDL proceeding does make sense and, in that regard, would agree to the request for a stay pending the MDL proceeding.

It would be our intention if the cases do get consolidated and transferred to the Eastern District of New York before Your Honor, to seek to present a Proposed Order to the Court at that time for a schedule for the filing of a motion, pursuant to Fed. R. Civ. P. 23(g), for appointment of interim lead counsel for plaintiffs with a proposed leadership structure and a timetable to file a Consolidated Amended Complaint and a contemplated schedule for Defendant to answer, move or otherwise respond to that complaint.

We understand that Philip Hines, of the Held & Hines, LLP firm will be communicating that they take a similar position on the request for a stay.

While I had previously requested leave to consolidate the three Related Actions currently pending in the district (*See* ECF Doc. No. 20 in *Brody)*, in light of the fact that an MDL proceeding seems imminent, I am hereby withdrawing that request.

The Honorable Kiyo A. Matsumoto
Page 3
June 21, 2021

      Your Honor also requested we clarify whether the pre-motion letter filed in each of the dockets was intended to be filed by Raquel Brody *pro se*. Since the letter requested consolidation of all three cases it was incumbent upon counsel for Ms. Brody to file the letter in all three dockets so as to provide appropriate notice. The letter was intended to be filed by counsel on behalf of Plaintiff Brody, not by her *pro se*. We have conferred with the ECF Clerk who confirmed we could simply clarify in a letter that the pre-motion letters were filed in the dockets as counsel for Raquel Brody.

      By this writing I so clarify and can follow this up with a separate letter to the Clerk as well indicating that the letters were filed by counsel for Ms. Brody.

      I hope this letter addresses the issues raised by Your Honor. We, of course, stand ready to address any other questions or concerns the Court may have.

                          Respectfully submitted,

                          Gary S. Graifman, Esq.


cc: All Counsel of Record in the Related Actions.

3