

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SHARI CLAIRE LEWIS**
PARTNER
(516) 357-3292
shari.lewis@rivkin.com

October 13, 2021

**VIA ECF**

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
255 Cadman Plaza
Brooklyn, New York

    Re: *Mirvis et. al. v. Berkshire Hathaway, Inc. & Government Employees Insurance Company (a/k/a. GEICO)*, Docket No.  1:21-cv-2210 (KAM)(RLM)
    *Brody et al v. Berkshire Hathaway, Inc. et al.* Docket No. 1:21-cv-2481 (KAM)(RLM)
    *Viscardi et. al. v. Government Employees Insurance Company, et. al.* Docket No. 1:21-cv-2580 (KAM)(RLM)

    **Joint Status  Letter to October 13, 2021**

Dear Hon. Judge Matsumoto:

We represent Defendants ("GEICO") in the above-mentioned actions. We submit this joint letter in compliance with the Court's Minute Entry and Order dated June 24, 2021, as extended by the Court's order of October 6, 2021, and based on our exchange of emails and/or phone consultations with Philip Hines, Esq. of Held & Hines LLP for the *Mirvis* plaintiffs, Gary Graifman, Esq. of Kantrowitz Goldhamer & Graifman, Esq. for the *Brody* plaintiffs, and Robert Ahdoot, Esq. of Ahdoot & Wolfson P.C. for the *Viscardi* plaintiffs.

The positions of all parties are set forth herein in their respective sections below.

*Background*

*Mirvis, Brody* and *Viscardi* are three of five proposed class actions filed against GEICO. They all arise from an alleged data security breach in which fraudsters used illegally obtained personal data from other sources to gain access to GEICO's online sales system between January 24, 2021 and March 1, 2021. *Mirvis,* the first filed case, was assigned to Your Honor, following which *Brody* and

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
October 13, 2021
Page 2

*Viscardi* were designated as related and transferred to Your Honor for handling. Also arising from the same alleged data security breach are *Connelly et al. v. Berkshire Hathaway, Inc. & Government Employee Insurance Company et al.*, No. 21-cv-1152-TDC, pending in the District of Maryland, and *Vennerholm v. GEICO Casualty Company et al,* No. 21-cv-806-GPC, pending in the Southern District Court of California.

On October 4, 2021, GEICO's application to centralize the actions in the Eastern District of New York was denied by the Judicial Panel on Multidistrict Litigation (the "JPML"). *See, Mirvis,* ECF No. 35, *Brody,* ECF No. 26 and *Viscardi,* ECF No. 24. (the "JPML Order"). Although the JPML denied centralization, the JPML nevertheless recognized that the cases should be handled in coordinated fashion and encouraged the parties to agree to proceed in a single forum via Section 1404 transfer of the cases and voluntary, informal coordination among the parties. *See, JPML Order.*

*The Parties' Respective Positions*

*The GEICO Defendants*

GEICO respectfully submits the following report to the Court:

a) We have been advised that all New York counsel agree to stipulate to consolidation of the *Brody* and *Viscardi* actions into *Mirvis,* the first filed action. A stipulation to that effect shall be circulated and submitted to the Court to be "so ordered" no later than October 25, 2021;

b) GEICO has communicated with counsel for *Connelly* regarding GEICO's request for voluntary transfer of *Connelly* to the Eastern District of New York as you are the Court overseeing the first action, *Mirvis*. These conversations are ongoing and GEICO is optimistic that an agreement, in principle, will be reached in the near future. GEICO further anticipates that, upon reaching an agreement, it will submit a motion to transfer on consent pursuant to Section 1404 on the grounds that *Mirvis* was the first case filed. GEICO endeavors for this agreement to be reached and papers requesting transfer, either by motion or by agreement with *Connelly* will be submitted to the District Court in Maryland no later than October 30, 2021;

c) GEICO has also communicated with counsel for *Vennerholm* seeking their cooperation for Section 1404 transfer of that action to the Eastern District of New York. Those conferral conversations are ongoing. The *Vennerholm* action is presently stayed. However, GEICO anticipates that it will seek relief from the District Court in California, including, *inter alia,* transfer, dismissal or stay of the action pursuant to the first filed rule, no later than November

RIVKIN RADLER  LLP

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
October 13, 2021
Page 3

5, 2021, as may be required depending on whether *Vennerholm* cooperates with the relief requested in GEICO's forthcoming motion;

d)  Other than the steps taken as set forth above and as discussed below, GEICO requests that the *Mirvis, Brody, Viscardi* litigation otherwise remain stayed.  Although the Plaintiffs ostensibly argue that they oppose the continuation of the stay that is currently in place, their objections to the stay appear to be limited to *only* allowing the Court to consider their Rule 23(g) applications.

GEICO anticipates that Counsel for the *Mirvis, Brody, Viscardi* litigation will seek permission from the Court to file Federal Rule of Civil Procedure 23(g) motions to seek appointment as interim class counsel. GEICO defers to the Court's discretion in whether Rule 23(g) applications should be permitted at this time and takes no position as to the proposed motions at this time.

However, GEICO has conferred with counsel for the Plaintiffs in the *Mirvis, Brody, Viscardi* litigation, some of whom dispute that a stay in this matter is proper while potential Rule 23(g) motions are pending before this Court and the issue of transfer of the *Connelly* and *Vennerholm* cases is still unresolved. GEICO submits that proceeding on any litigation or discovery matter, including but not limited to the following, in the *Mirvis, Brody, Viscardi* litigation before the transfer issues are resolved and Rule 23(g) motions are decided, is unnecessary and will cause the Court and/or the Parties to unnecessarily waste both time and resources:

- Initial Rule 26 disclosures
- Discovery on the potential class issues or merits
- Responses by GEICO to the operative complaints
- The filing of a potential consolidated complaint
- Any response(s) to a potential consolidated complaint

GEICO therefore respectfully submits to the Court that the stay of the *Mirvis, Brody, Viscardi* litigation should remain in place except to allow potential Rule 23(g) applications to move forward should Your Honor be inclined to allow the Plaintiffs to make those applications.  To move forward and render any other substantive decisions while *Connelly* and *Vennerholm* remain in other districts may be potentially prejudicial to the rights of those involved in those matters.  Furthermore, it would contradict the JPML's recognition that the cases should be handled in coordinated fashion and in a single forum utilizing Section 1404 transfer of the cases and voluntary, informal coordination among the parties. *See, JPML Order.*

*The Plaintiffs' Position*

RIVKIN RADLER LLP

Hon. Kiyo A. Matsumoto
United States District Court
Eastern District of New York
October 13, 2021
Page 4

The *Brody*, *Mirvis* and *Viscardi* Plaintiffs consent to consolidation of the actions before this Court under the civil action number for the first filed case, Mirvis, but request that a consolidated complaint be filed only after the determination of any Fed. R. Civ. P. Rule 23 (g) issues and the determination as to whether the other actions will be transferred.

The Plaintiffs do not consent to a stay of this matter while GEICO's anticipated Section 1404 motions to transfer *Connelly* (which is apparently being done by stipulation with plaintiffs' counsel in that case) and *Vennerholm* to the Eastern District of New York are resolved on consent or by their respective Courts.

While Plaintiffs' Counsel will continue to meet and confer with respect to self-organization, in the event that Fed. R. Civ. P. 23(g) applications are necessary, we respectfully request that the Court allow a reasonable amount of time for the Maryland action's transfer to take place before such motions are heard so that all interested putative Class Representatives can participate. Therefore, Plaintiffs respectfully request that the Court order stipulations regarding self-organization or competing Rule 23(g) motions, if necessary, be filed by the later of twenty one (21) days after the Maryland action is transferred to this Court, or twenty one (21) days from entry of the next scheduling order after submission of this joint letter. This should provide a reasonable amount of time for any transfers to take place.

We are available, at the Court's convenience, to discuss the status of these actions and the information and requested extension outlined in this letter.

    Respectfully submitted,

    RIVKIN RADLER LLP

    *Shari Claire Lewis*

    Shari Claire Lewis

    -and-

    Kristen Wenger, Esq. (*pro hac vice*)
    John Marino, Esq. (*pro hac vice*)
    Smith Gambrell & Russell, LLP

cc: All counsel (by ECF)