

WWW.RIVKINRADLER.COM

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**SHARI CLAIRE LEWIS**
PARTNER
(516) 357-3292
shari.lewis@rivkin.com

July 18, 2022

**VIA ECF**

Hon. Judge Kiyo A. Matsumoto
United States District Court
Eastern District of New York
255 Cadman Plaza
Brooklyn, New York

    Re: *In re GEICO Customer Data Breach Litigation*,
       *No. CV 21-2210* (KAM/SJB)
       ***Request for Pre-Motion Conference on 12(b) Motion***

Dear Judge Matsumoto:

    We represent Defendants ("GEICO"). We write to request a pre-motion conference to discuss GEICO's motion to dismiss and set a briefing schedule pursuant to Rule III.B.1. of Your Chambers Practices and Order of May 3, 2022.[1]

    This action concerns an alleged data security incident, which purportedly occurred between November 24, 2020 and March 1, 2021, in which fraudsters used personal information ("PI") obtained from other sources to obtain driver license numbers ("DLN") via manipulation of GEICO's online sales system (the "Incident"). The DLNs were available to GEICO to enable it to provide insurance underwriting rates to online applicants. The fraudsters thereafter used a variety of schemes and cyber tools to gain access to the DLNs.

    A "Consolidated Complaint – Class Action" ("Complaint") was filed by Plaintiffs Michael Viscardi, Kathleen Dorety and William Morgan (collectively, "Plaintiffs"), on May 20, 2022. Plaintiffs purport to assert claims individually and on behalf of a proposed national class of plaintiffs and a proposed New York subclass. *See* ECF No. 61. The Complaint alleges that DLNs were the only PI potentially disclosed in the Incident. Plaintiffs nevertheless conclude that as a result of the DLNs disclosure, applications for unemployment benefits, and credit or bank frauds, were attempted but unsuccessful.

---

[1] The parties' April 29, 2022 letter to the Court contained a proposed briefing schedule that did not contemplate the Court's Chambers Practice III.B. requiring a pre-motion conference. GEICO anticipates that the Parties will discuss and be amenable to an adjusted briefing schedule prior to or at the pre-motion conference.

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER  LLP

Hon. Judge Kiyo Matsumoto
July 18, 2022
Page 2

**GEICO's Motion to Dismiss**

GEICO seeks to move to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) on the ground that Plaintiffs lack standing to pursue the claims or, alternatively, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim as to each of the six purported counts in the Complaint.

### a.  The Complaint Should Be Dismissed Pursuant to Rule 12(b)(1).

This Court lacks subject matter jurisdiction because Plaintiffs cannot meet their burden to establish standing under Article III of the U.S. Constitution.[2]  To meet the "irreducible constitutional minimum" for standing, Plaintiffs must demonstrate that they have (1) suffered an injury-in-fact, (2) that is fairly traceable to the challenged conduct, and (3) will be redressed by a favorable decision.[3] As proposed class representatives, Plaintiffs must show that they personally have been injured, and cannot rely on potential or general alleged injuries to the proposed classes. The Complaint fails to establish standing because:

a) Plaintiffs have not sufficiently pled that they suffered an "injury-in-fact", *i.e.*, that there was an injury to some concrete, legally protected interest, that is particularized, actual or imminent and not hypothetical or conjectural.[4] Here, the allegations taken as a whole do not support such a conclusion;
b) Plaintiffs have not – and cannot – plausibly plead that GEICO's actions caused a substantial risk that Plaintiffs have or will sustain an "injury-in-fact". The mere fact that the Incident resulted in the alleged exposure of their DLNs, even when coupled with allegations of *unsuccessful* applications for unemployment benefits or bank/credit fraud, do not suffice to establish standing;
c) Plaintiffs' alleged injuries are not fairly traceable to GEICO's actions.[5]  Plaintiffs' claims are exclusively predicated on disclosure of DLNs by fraudsters, as a result of the fraudster's use of PI that they obtained from other sources, which the Complaint describes as pervasively available on the Internet. Moreover, Plaintiffs cannot demonstrate that the alleged disclosure of DLNs enabled the alleged fraudulent unemployment benefit applications, credit card charges, or bank account activity.  As such, it is impossible to trace any past or future identity theft to exposure of DLNs alone and Plaintiffs have not plausibly alleged that the disclosure of DLNs resulted in any of their alleged injuries; and/or
d) Plaintiffs' purported claims are not "redressable". Injunctive relief would not "redress" the harms allegedly sustained by Plaintiffs because it could neither effectively remove the DLNs from the fraudsters possession nor compel GEICO to take steps that it already enacted months ago to prevent the success of the scheme in the future.

---

[2] *See, e.g.*, *Transunion LLC. v. Ramirez*, 141 S. Ct. 2190, 2197 (2021).
[3]  *Spokeo v. Robins*, 578 U.S. 330, 338 (2016).
[4]  *Maddox v. Bank of NY Mellon Trust Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021).
[5] *Lujan v Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

**RIVKIN RADLER** LLP

Hon. Judge Kiyo Matsumoto
July 18, 2022
Page 3

### b. Alternatively, the Complaint should be dismissed pursuant to Rule 12(b)(6).

Even assuming *arguendo* that Plaintiffs had standing to pursue any of the alleged claims, the Complaint nevertheless fails to plausibly state a claim for relief [6] for a variety of reasons:

a) Count I fails to state a claim for an alleged violation of the Driver's Protection Privacy Act ("DPPA") as Plaintiffs do not plausibly allege that GEICO knowingly disclosed the plaintiffs' DLNs that were obtained from a motor vehicle department, that GEICO caused a search to be made from motor vehicle record, or that GEICO's use of DLNs was *not* an enumerated "permissible use" under the DPPA[7];
b) Count II for negligence fails to state a claim as Plaintiffs have not plausibly alleged circumstances that establish that GEICO owed Plaintiffs a duty of care, breach of that duty, or that Plaintiffs sustained recoverable damages that were proximately caused by GEICO.[8]
c) Count III for negligence per se fails as it is predicated on purported violations of the Federal Trade Commission Act, the Gramm-Leach-Bliley Act, and the New York General Business Law ("GBL") § 349, which have been rejected as predicates for negligence per se claims under New York law.[9] Moreover, negligence per se cannot be used to make an end run around the Complaint's defective GBL claim in Count IV.
d) In Count IV, the Complaint attempts to directly seek recovery under GBL § 349. However, the count fails based on Plaintiffs' inability to establish the alleged deception occurred in New York.[10] Moreover, the count should be dismissed because Plaintiffs fail to establish that GEICO committed any "materially deceptive act" which caused Plaintiffs to suffer any cognizable injury or actual inquiry.[11]
e) Count V for "Invasion of Privacy (Intrusion Upon Seclusion)" fails as New York has consistently refused to recognize any such cause of action.[12]
f) Count VI, purporting to state an independent cause of action for injunctive and declaratory relief, fails as New York does not permit such recovery in the absence of an underlying viable substantive cause of action,[13] which is lacking herein, and because Plaintiffs seek monetary damages as the predominant requested relief.

Based on all the foregoing, GEICO submits that dismissal is warranted. GEICO therefore requests that a pre-motion conference be scheduled to set a briefing schedule. GEICO also requests that both GEICO and Plaintiffs be granted up to 10 additional pages (if needed) for all Memoranda of Law in light of the complexity and number of issues to be addressed in response to Plaintiffs' 55-page Complaint.

---

[6] *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and their progeny.

[7] *See, e.g., Fontanez v. Skepple*, 563 F. App'x 847, 849 (2d Cir. 2014); *see also* 18 U.S.C § 2721(b)(6); 18 U.S.C.§ 2721 (a) *et. seq.*

[8] *See, e.g., Ferreira v. City of Binghamton*, 975 F.3d 255, 266 (2d Cir. 2020).

[9] *See e.g., In re GE/CBPS Data Breach Litig.*, No. 20 Civ. 2903 (KPF), 2021 WL 3406374 (S.D.N.Y. Aug. 4, 2021); *Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735 (W.D.N.Y. 2017); *Star Direct Telecom, Inc. v. Glob. Crossing Bandwidth, Inc.*, No. 05-cv-6734, 2007 WL 162763 (W.D.N.Y. Jan. 18, 2007).

[10] *See Kaufman v. Sirius XM Radio, Inc.*, 751 F. Supp. 2d 681, 688 (S.D.N.Y. 2010), *aff'd*, 474 F. App'x 5 (2d Cir. 2012).

[11] *See e.g., Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 490 (2d Cir. 2014); *Goshen v. Mut. Life Ins. Co. of N.Y.*, 98 N.Y.2d 314, 324-325 (2002); *Abraham v. Am. Home Mortg. Servicing, Inc.*, 947 F. Supp. 2d 222, 234 (E.D.N.Y. 2013).

[12] *Hamlett v. Santander Consumer USA Inc.*, 931 F. Supp. 2d 451, 457 (E.D.N.Y. 2013).

[13] *Trodale Holdings LLC v. Bristol Healthcare Inv'rs, L.P.*, No. 16 Civ. 4254 (KPF), 2017 WL 5905574 (S.D. N.Y. Nov. 29, 2017).

# RIVKIN RADLER LLP

Hon. Judge Kiyo Matsumoto
July 18, 2022
Page 4

                        Respectfully submitted,

                        RIVKIN RADLER LLP

                        Shari Claire Lewis

                        -and-

                        Kristen Wenger, Esq. (*pro hac vice*)
                        John Marino, Esq. (*pro hac vice*)
                        Smith, Gambrell & Russell, LLP

cc: All counsel (by ECF)